Deborah **KOMOROSKI**, Plaintiff–Appellant,

v.

**DEPARTMENT OF CONSUMER PROTECTION, State of CONNECTICUT, Defendant–Appellee.**

No. 07–2227–cv.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

**60**

W. Martyn Philpot, Jr., New Haven, C.T., for Appellant.

Eleanor May Mullen, Assistant Attorney General, for Richard Blumenthal, Attorney General, Office of the Attorney General, Hartford, C.T., for Appellees.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Appellant Deborah Komoroski appeals from a judgment of the United States District Court for the District of Connecticut (Eginton, *J.*). The court granted summary judgment to the Connecticut Department of Consumer Protection ("DCP"). We assume the parties' familiarity with the underlying facts, issues on appeal, and procedural history of the case.

We review an order granting summary judgment *de novo* and ask whether the district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir.2008).

We find no error in the District Court's conclusions applying the "burden-shifting" framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Where gender discrimination claims are predicated on the employer's failure to promote the plaintiff, we must consider that "the employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria. The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although this may be probative of whether the employer's reasons are pretexts for discrimination." *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 259, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The DCP offered legitimate and non-discriminatory reasons for why it chose the successful candidates over Komoroski. Komoroski failed to provide sufficient probative evidence that the DCP's reasons were pretextual or otherwise motivated by unlawful criteria.

Komoroski also fails to meet her burden to establish that she was subjected to a hostile work environment at DCP. DCP again offered legitimate and non-discriminatory reasons for changes in Komoroski's workplace that she failed to rebut. Additionally, Komoroski's allegations that Lionel Roberge sexually harassed her lack the

specificity and support in the record required for her claim to survive summary judgment. While it is true that a jury could still believe a plaintiff who is unable to recite "dates and circumstances of only a few incidents of harassment," *Torres v. Pisano,* 116 F.3d 625, 631 (2d Cir.1997), Komoroski was obligated to allege *some* facts and *some* circumstances for the court to consider in reviewing her claim, but failed to do so. *See Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.1985) ("To allow a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial in all Title VII cases."). Further, although Komoroski alleged that Roberge touched her breast in addition to making verbal remarks, she has not demonstrated circumstances indicating that in this case, this "single incident," occurring well outside the limitations period, was either "extraordinarily severe" or linked to the timely aspects of her complaint. *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir. 2000) (internal quotation marks omitted). Moreover, she has not demonstrated that a "series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment." *Id.*

Having considered Komoroski's remaining arguments and finding them without merit, we hereby AFFIRM the judgment of the District Court.